NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTOPHER J. HARRIS, | |
| Plaintiff | CIV. NO. 20-9461 (RMB-AMD) |
| v. | **OPINION** |
| SGT. MICHELLE PEER, *et al.*, | |
| Defendants | |

BUMB, DISTRICT JUDGE

Plaintiff Christopher J. Harris, a prisoner incarcerated in Burlington County Jail in Mount Holly, New Jersey, filed this civil rights action *pro se* on July 27, 2020. (Compl., Dkt. No. 1.) Plaintiff has submitted an application which establishes his financial eligibility to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a) ("IFP application," Dkt. No. 1), and the Court grants the IFP application.

I.  SUA SPONTE DISMISSAL

When a prisoner is permitted to proceed without prepayment of the filing fee for a civil action against a government entity or employee or based on prison conditions, 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief

may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at

2

679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A. The Complaint

For the purpose of screening the Complaint under 28 U.S.C. §§ 1915, 1915A and 42 U.S.C. § 1997e, the Court accepts Plaintiff's allegations as true. Plaintiff asserts jurisdiction under 42 U.S.C. § 1983. On February 25, 2020, when Plaintiff was arrested and housed in Burlington County Jail, Officer Kendricks informed Sergeant Peer of Plaintiff's arrival. Sergeant Peer had assaulted Plaintiff during his prior incarceration in 2016. When Peer approached Plaintiff in the intake area at Burlington County Jail on February 25, 2020, Peer began yelling at Plaintiff. Plaintiff put his hands in the air. Peer tried to take Plaintiff to the ground and when he did not fall, Kendricks punched Plaintiff. Once Plaintiff was on the ground, instead of cuffing him, Peer and Kendricks continued to punch him and spray him with mace. Plaintiff did not act aggressively toward the officers. Plaintiff was then dragged to medical. His eyesight is impaired as a result of the

beating. Sergeant Peer continues to threaten Plaintiff. The defendants to the action are Sergeant Michelle Peer and Warden Matthew Leith.

    B.    <u>Section 1983</u>

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1998); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011). Plaintiff seeks damages and injunctive relief for violation of his constitutional rights under 42 U.S.C. § 1983; therefore, the Court construes Plaintiff's damages claims against the defendants in their individual capacities and his injunctive relief claims against the defendants in their official capacities.

C.   Fourteenth Amendment

Plaintiff's excessive force claim against Sergeant Peer arises under the Fourteenth Amendment; and it may proceed. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)("the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one.") Plaintiff also seeks to hold Warden Matthew Leith liable for the alleged excessive force used against him by Sergeant Peer. Plaintiff alleges Warden Leith has done nothing in response to Sergeant Peer's recent assault on Plaintiff, nor did Leith do anything in response to Peer's prior assault on Plaintiff.

Government officials are not vicariously liable under Section 1983 for the acts of their subordinates. Iqbal, 556 U.S. at 676. Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. The Third Circuit has recognized

> "two theories of supervisory liability," one under which supervisors can be liable if they "established and maintained a policy, practice or custom which directly caused [the] constitutional harm," and another under which they can be liable if they "participated in violating plaintiff's rights, directed others to violate them, or, as the person[s] in charge, had knowledge of and acquiesced in [their] subordinates' violations." *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir.2004) (second alteration in original).

5

Santiago v. Warminster Twp., 629 F.3d 121, 129 (3d Cir. 2010). Plaintiff's allegation that Warden Leith failed to respond to one prior instance of alleged excessive force by Peer is insufficient to establish that Warden Leith established a custom of permitting excessive force to go unpunished, with deliberate indifference to the risk of a constitutional violation by a subordinate. Cf. Beck v. City of Pittsburgh, 89 F.3d 966, (3d Cir. 1997) (finding multiple similar complaints, within a narrow period of time sufficient to allege supervisor should have known of his subordinate's propensity for violence when making arrests). Additionally, Warden Leith's alleged failure to punish Sergeant Peer for the February 25, 2020 assault is insufficient to establish that Warden Leith had knowledge of and acquiesced in the assault before it took place. The Court will dismiss the § 1983 claim against Warden Leith without prejudice.

III. CONCLUSION

The Court grants Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915, and the Complaint may proceed in part and is dismissed in part.

DATE:   December 29, 2020

                                              s/Renée Marie Bumb
                                              **RENÉE MARIE BUMB**
                                              **United States District Judge**